**STATE of Maine**

v.

**Dannie Marsh GORDON.**

Supreme Judicial Court of Maine.

June 23, 1978.

---

2. The opinion uses this cryptic language: "[W]hat a test for a tyro." 440 F.2d at 1255.

David M. Cox, Dist. Atty., Stephen J. Burlock (orally), Asst. Dist. Atty., Bangor, Michael P. Pagnozzi, Law Student, for plaintiff.

Logan & Kurr by John F. Logan (orally), Bangor, for defendant.

Before DuFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Appellant Gordon was found guilty of breaking, entering and larceny under former section 2103 of title 17 of the Revised Statutes. The sole issue on appeal is whether the presiding justice erred in admitting into evidence incriminating statements made by appellant to the police while being interrogated at the District Attorney's office. The parties agree that appellant was undergoing a custodial interrogation, that *Miranda* rights were read to him, and that he indicated he wished to speak without consulting an attorney. The basis of appellant's motion to suppress was his assertion that he had been under the influence of drugs at the time of interrogation and therefore had not voluntarily waived his rights. After hearing, the trial court denied the motion and appellant's statement was admitted at trial. Appellant now asserts that the court erred in denying the motion.

Under *State v. Collins*, Me., 297 A.2d 620 (1972), the State bears the burden of proving beyond a reasonable doubt that the defendant's waiver was knowing and voluntary. Accordingly, on appeal this court must determine whether, on the basis of the evidence at the hearing, the trial court could have found beyond a reasonable doubt that appellant knowingly and voluntarily waived his *Miranda* rights. *State v. Hazelton*, Me., 330 A.2d 919 (1975).

The fact that an interrogated person is under the influence of drugs does not by itself render the confession involuntary. *See State v. Warner*, Me., 237 A.2d 150, 160 (1967). The question to be determined by the trial court is whether under the circumstances the appellant's conduct amounted to an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), cited in *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The testimony at the suppression hearing supports the finding that the statement was preceded by a knowing and voluntary waiver. The evidence showed that the appellant was arrested for breaking, entering, and larceny and taken to the district attorney's office in Bangor. While there, he was advised of his *Miranda* rights. He said he understood his rights and expressed his willingness to talk to the police without consulting an attorney. After five or ten minutes of questioning he gave a statement in narrative form that was recorded on tape.

State Police Trooper Kelly testified that the appellant, whom he had met on previous occasions, appeared normal and that he was coherent, had a good memory, and displayed no unusual behavior from the time he was arrested at 6:30 p. m. until the interrogation about two hours later. According to Trooper Kelly, appellant did not even appear to be nervous until the time of the interrogation.

Appellant Gordon testified that he was twenty-one years old, had passed his high school equivalency examination, and could read, write and understand English without difficulty. He indicated that before his arrest he had become acquainted with the *Miranda* warnings and that he knew he had the right to a lawyer and need not make any statement. He said he did not remember the interrogation because he had taken two "hits" of L.S.D. sometime between 11:00 a. m. and noon. He further testified that he had used pot, speed, or acid almost every day for nine or ten years and that in spite of this intake of drugs he could still go about his ordinary affairs.

The trial court had an opportunity to hear the witnesses and weigh their credibil-

ity. The testimony of Trooper Kelly tended to show that appellant was not under the influence of drugs at 8:30 p. m. when he waived his rights. Appellant said he had taken the drug some eight to ten hours before his confession. Under those circumstances, the trial court could have found beyond a reasonable doubt that appellant knowingly and voluntarily waived his *Miranda* rights.

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.